# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 17-1182V
UNPUBLISHED

| | |
|---|---|
| JEFFERY ROWE, | Chief Special Master Corcoran |
| Petitioner, | Filed: October 30, 2020 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Uncontested; Table Injury; Tdap Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Shealene Priscilla Mancuso, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On September 1, 2017, Jeffery Rowe filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered left shoulder injuries as a result of a Tdap vaccine administered on July 26, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 30, 2020, Respondent filed his Rule 4(c) report in which he states that he does not contest that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that "DICP will not continue to contest that petitioner suffered SIRVA as defined by the Vaccine Injury Table. Specifically, petitioner had no recent history of pain, inflammation, or dysfunction of his left shoulder;

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the onset of pain occurred within 48 hours after receipt of an intramuscular vaccination; the pain was limited to the shoulder in which the vaccine was administered; and, no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's left shoulder pain. 42 C.F.R. §§ 100.3(a), (c)(10). In addition, this Court found that petitioner suffered the residual effects of his condition for more than six months. 42 U.S.C. § 300aa-11(c)(1)(D)(i). Therefore, based on the record as it now stands and subject to his right to appeal the Findings of Fact, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act. 42 U.S.C. § 300aa-13." *Id.* at 5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master